IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RENORIAL IVY, #M1437**                                                                  **PETITIONER**

v.                                                      **CAUSE NO. 1:16CV255-LG-MTP**

**J. BANKS, Superintendent**                                            **RESPONDENT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

Pro Se Petitioner Renorial Ivy brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Ivy is an inmate of the Mississippi Department of Corrections currently incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi.

On November 7, 2016, the Court entered an Order [13] directing Ivy to file a written response to provide specific information on or before November 21, 2016. The Court warned Ivy that his "failure to timely comply with any order of this Court will result in this cause being dismissed." (*Id.* at 2). On November 28, 2016, Ivy filed a Response [14] that is dated October 25, 2016, which appears to be a copy of a Response [12] that Ivy filed on October 28, 2016. Ivy did not respond to the Court's November 7, 2016, Order [13].

1

Since Ivy is proceeding pro se, the Court provided him one final opportunity to comply with the Court's Order. On December 5, 2016, the Court entered an Order to Show Cause [15] requiring that Ivy, on or before December 19, 2016: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order; and (2) comply with the Court's previous Order by filing his response. (Order 1, ECF No. 15). Ivy was warned again that his "failure to timely comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by the Petitioner and will result in this cause being dismissed without further notice to the Petitioner." (*Id.* at 1-2). Ivy failed to comply with the Order to Show Cause or otherwise contact the Court.

## II.  DISCUSSION

This Court has the authority to dismiss an action for a litigant's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions, such as this one. *See Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir. 1997). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Ivy did not comply with two Court Orders [13, 15], even after being warned that failure to do so would result in the dismissal of his case.[1]  Ivy has not contacted the Court since November 28, 2016.  Such inaction presents a clear record of delay or contumacious conduct by Ivy.  It is apparent to the Court that Ivy does not wish to pursue this lawsuit.  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile.  *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005).  Dismissal without prejudice is warranted.

### III.  CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of January, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[1] Ivy was also warned in five previous Orders that his failure to timely comply with any Order of this Court would result in the dismissal of this case. (*See* Orders, ECF Nos. 2, 3, 6, 8, 10).